FEB 19 2003

CV 01 02213 #00000056

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARBARA KAY DOREY<br><br>Plaintiff,<br><br>v.<br><br>GREEN RIVER SURGICAL CENTER, LTD., a Limited Partnership, *et al.*,<br><br>Defendants. | Case No. C01-2213L<br><br>ORDER REGARDING SUPPLEMENTAL JURISDICTION AND GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

On January 14, 2003, this Court issued an order (the "January 14 Order") (Dkt. # 48) granting summary judgment in favor of defendants Green River Surgical Center, *et al.* ("Green River") on plaintiff Barbara K. Dorey's ("Dorey") Americans with Disabilities Act, wrongful discharge in violation of public policy, and intentional and/or negligent infliction of emotional distress claims. The Court did not address Dorey's allegations of violation of the Washington Law Against Discrimination ("WLAD") for failure to accommodate and wrongful discharge, but rather requested that the parties submit brief memoranda regarding whether the Court should exercise supplemental jurisdiction on those remaining state law claims. Having considered the parties'

ORDER REGARDING SUPPLEMENTAL JURISDICTION
AND GRANTING IN PART AND DENYING
IN PART MOTION FOR SUMMARY JUDGMENT - 1

submissions regarding that issue, the Court finds that the exercise of supplemental jurisdiction is appropriate and grants in part and denies in part Green River's motion for summary judgment on Dorey's WLAD claims.

## II. SUPPLEMENTAL JURISDICTION

When all claims for which a federal court possessed original jurisdiction are eliminated, "the balance of factors will weigh toward remanding any remaining pendent state claims to state court." Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991); see also 28 U.S.C. § 1367(c)(3) (permitting court to decline to exercise supplemental jurisdiction when all claims for which court possessed original jurisdiction are dismissed). However, where substantial judicial resources have already been committed and remanding would cause a duplication of effort, the district court may properly retain jurisdiction over state law claims. Schneider v. TRW, Inc., 938 F.2d 986, 994-95 (9th Cir. 1991).

The Court has invested substantial time on this matter and is familiar with the factual and legal issues present in this litigation. Were the Court to remand the case to King County Superior Court, that effort would be duplicated. Judicial economy therefore favors the exercise of supplemental jurisdiction. Furthermore, with the exception of expert depositions, discovery has been completed. The Court therefore finds that exercising supplemental jurisdiction over Dorey's remaining state law claims is appropriate.

## III. MOTION FOR SUMMARY JUDGMENT ON WLAD CLAIMS

**A.     Failure to Accommodate.**

Dorey claims that Green River failed to accommodate her alleged disability. (Complaint ¶¶ 3.12, 4.5). "An accommodation claim presents essentially two issues: (1)

ORDER REGARDING SUPPLEMENTAL JURISDICTION
AND GRANTING IN PART AND DENYING
IN PART MOTION FOR SUMMARY JUDGMENT - 2

whether the employee was disabled or handicapped within the meaning of the Act; and (2) whether the employer met its affirmative obligation to reasonably accommodate the handicap." Pulcino v. Federal Express Corp., 141 Wn. 2d 629, 640 (2000). Once an employee has given the employer notice of the disability, "[t]he employee has the burden of showing that a specific reasonable accommodation was available to the employer at the time the employee's physical limitation became known and that the accommodation was medically necessary." Id. at 643.

Assuming that Dorey was disabled under the WLAD, she has made no showing that Green River failed to accommodate her disability. The undisputed evidence before the Court demonstrates that Green River relieved Dorey from the circulating duties of the Director of Nursing position that purportedly were made impossible due to her fractured wrist. See, e.g., Nordsletten Decl. Ex. 2 (Dorey Dep.) at 278. Dorey sought no other medically necessary accommodation. Dorey's arguments that, for example, "[b]y not providing her with her own workspace and computer . . . [it was] next to impossible to complete her tasks because of her disability" are not supported by evidence in the record before the Court. (Response at 19).

Because no genuine issue of material fact remains in dispute regarding whether Green River failed to provide a medically necessary accommodation to Dorey, summary judgment in Green River's favor on Dorey's failure to accommodate claim is appropriate.

**B.    Wrongful Termination.**

As noted by the parties, when considering a wrongful discharge claim pursuant to the WLAD, Washington courts utilize the McDonnell Douglas burden-shifting method. Hill v. BCTI Income Fund-I, 144 Wn. 2d 172, 180 (2001) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)). Under the McDonnell Douglas protocol, the

ORDER REGARDING SUPPLEMENTAL JURISDICTION
AND GRANTING IN PART AND DENYING
IN PART MOTION FOR SUMMARY JUDGMENT - 3

plaintiff must first set forth a prima facie case of unlawful discrimination. Id. at 181. If the plaintiff establishes a prima facie case, the burden then "shifts to the defendant to produce admissible evidence of a legitimate, nondiscriminatory explanation for the adverse employment action sufficient to 'raise a genuine issue of fact as to whether the defendant discriminated against the plaintiff.'" Id. (citation omitted). If the defendant produces such evidence, the burden shifts back to the plaintiff who must produce evidence that the defendant's proffered reason for the adverse action was pretextual. Id. at 185-86. "Once a court determines that the parties have met all three McDonnell Douglas intermediate burdens and that the record contains *reasonable but competing* inferences of *both* discrimination *and* nondiscrimination, 'it is the jury's task to choose between such inferences.'" Id. at 186 (quoting Carle v. McChord Credit Union, 65 Wn. App. 93, 102 (1992)) (emphasis in original).

The parties provided differing definitions of the elements of a prima facie case of disability discrimination. Green River, citing Cluff v. CMX, 84 Wn. App. 634, 637 (1997), states that a prima facie case is demonstrated by "(a) the presence of a handicap; (b) satisfactory performance of job functions; (c) replacement by a person outside the protected group; and (d) that her alleged handicap was the reason for the discharge." (Motion at 13). Dorey, citing Chen v. State, 86 Wn. App. 183 (1997), states that "[f]irst, the Plaintiff must present evidence that she was handicapped, (2) she was discharged[,] (3) that she had done satisfactory work[,] and (4) she was replaced by a person who was not handicapped." (Response at 10). The difference between these two sets of elements is that Green River's set requires the plaintiff to show that the alleged disability was the reason for the discharge, while Dorey's test requires only discharge. The difference in the two definitions and the apparently inconsistent case law appears to stem from the

ORDER REGARDING SUPPLEMENTAL JURISDICTION
AND GRANTING IN PART AND DENYING
IN PART MOTION FOR SUMMARY JUDGMENT - 4

definition of "disability" adopted by the Washington State Human Rights Commission. However, in this matter that problematic definition is ultimately unimportant for reasons described below.

The Human Rights Commission definition of "disability" is to be given "great weight since it is the construction of the statute by the administrative body whose duty it is to administer its terms." Doe v. Boeing Co., 121 Wn. 2d 8, 15 (1993). The Human Rights Commission regulations provide:

> (1) 'Disability' is short for the term 'the presence of any sensory, mental, or physical disability,' except when it appears as part of the full term.
> (2) 'The presence of a sensory, mental, or physical disability' includes, but is not limited to, circumstances where a sensory, mental, or physical condition:
>    (a) Is medically cognizable or diagnosable;
>    (b) Exists as a record or history;
>    (c) Is perceived to exist whether or not it exists in fact.
> A condition is a 'sensory, mental or physical disability' if it is an abnormality and is a reason why the person having the condition did not get or keep the job in question, or was denied equal pay for equal work, or was discriminated against in other terms and conditions of employment, or was denied equal treatment in other areas covered by the statutes. In other words, for enforcement purposes a person will be considered to be disabled by a sensory, mental or physical condition if he or she is discriminated against because of the condition and the condition is abnormal.
> . . .

WAC § 16-22-020.

This definition of "disability" is problematic in the context of the McDonnell Douglas analysis because to meet the "presence of handicap" element of the tests set forth by both parties (and, provided the other elements are met, meet the first step of the McDonnell Douglas analysis), a plaintiff necessarily must also produce evidence that the adverse action occurred because of the alleged disability (the third step of the McDonnell

Douglas analysis). The Washington State Supreme Court has recognized the difficulties the Human Rights Commission definition of disability causes in the context of the McDonnell Douglas analysis, but has not yet had the opportunity to remedy this issue. See BCTI Income Fund, 144 Wn. 2d at 192 n.19 (noting that the Human Rights Commission definition "makes it impossible for plaintiffs to satisfy their first intermediate [McDonnell Douglas] burden without simultaneously producing evidence in support of their ultimate allegation, namely that the adverse action occurred because of that alleged disability. . . . There is no principled reason why it should be fundamentally harder to establish prima facie cases of disability discrimination under RCW 49.60.180 than prima facie cases of any other form of discrimination made unlawful by that same statute.").

However, in this instance it does not matter that Washington law appears to require a plaintiff claiming disability discrimination to meet a higher prima facie case standard than plaintiffs asserting other forms of discrimination. This is because, as explained below, Green River meets the second McDonnell Douglas step of providing "evidence of a legitimate, nondiscriminatory explanation for the adverse employment action sufficient to 'raise a genuine issue of fact as to whether the defendant discriminated against the plaintiff.'" BCTI Income Fund, 144 Wn. 2d at 181 (citation omitted). Therefore to survive summary judgment Dorey must provide evidence that the proffered reason for the adverse action was pretextual. In this matter whether that occurs in the first or third step of the McDonnell Douglas analysis is inconsequential.

Dorey states that "there is no dispute that the Plaintiff was handicapped, was

discharged and was replaced by a person who was not handicapped."[1] (Response at 10). Dorey is incorrect in asserting that Green River does not dispute that Dorey was disabled. See Motion at 13 n.15. However, viewing the evidence before the Court in the light most favorable to Dorey, the non-moving party on this motion for summary judgment, the Court finds that Dorey has provided sufficient evidence to establish the disability element of a prima facie case of disability discrimination.

Green River argues that the evidence on record conclusively demonstrates that Dorey was not satisfactorily performing the essential functions of her job. See Motion at 14-16. Green River cites complaints regarding Dorey's allegedly negative demeanor, lack of leadership, and unavailability. Id. at 15. Dorey responds by directing the Court to evidence that improvements in her job performance had been acknowledged and that a reference letter indicated that she had been terminated for budgetary reasons. (Response at 10-12). Given this factual dispute the Court declines to find that Dorey has not met the satisfactory performance element of a prima facie case of disability discrimination.

Due to the Human Rights Commission definition of "disability," the Court now considers whether Dorey has provided evidence that she was fired due to her alleged

---

[1] In support of this statement, Dorey provided a footnote that states: "Put in cite for Lori McMann's dep where she says the people who replaced her were not handicapped." A court is not obligated to consider matters not specifically brought to its attention, even if helpful evidence is located somewhere in the record. Frito-Lay, Inc. v. Willoughby, 863 F.2d 1029, 1034 (D.C. Cir. 1988). Therefore a party opposing summary judgment must designate and reference specific triable facts. Id. Although a Court is not obligated to search the record for evidence in support of a party's argument (and, the Court having examined the record, there appears to be no evidence before the Court to support this point), as Green River has not challenged this point in its Motion or Reply, there appears to be no dispute over this element. Dorey is cautioned, however, to exercise diligence in her submissions to this Court.

ORDER REGARDING SUPPLEMENTAL JURISDICTION
AND GRANTING IN PART AND DENYING
IN PART MOTION FOR SUMMARY JUDGMENT - 7

disability. As noted, supra, if this element is met Dorey necessarily fulfills the third step of the McDonnell Douglas inquiry.

The only evidence that supports Dorey's allegation that she was terminated due to disability consists of the allegedly repeated statements by her supervisor, Lori McMann, that Dorey would not have been hired if McMann had known that she was going to suffer a wrist injury. (Response at 6 (citing Cordes Decl. Ex. A (Dorey Dep.) at 185 and Cordes Decl. Ex. D (Smothers Dep.) at 59-60). Green River contends that if McMann made such statements, they constituted mere "stray remarks" insufficient to support a claim of disability discrimination. (Reply at 8). Although the Court recognizes that this appears not to be particularly strong evidence of Green River's allegedly improper motivation for firing Dorey, the Court finds that Dorey has established a prima facie case of disability discrimination and has put forth sufficient evidence of pretext to preclude summary judgment.[2]

## IV. CONCLUSION

For the foregoing reasons the Court exercises supplemental jurisdiction over Dorey's remaining state law claims. The Court GRANTS IN PART Green River's motion for summary judgment (Dkt. # 34) with respect to Dorey's accommodation claim under Washington Law Against Discrimination and DENIES IN PART Green River's motion with respect to Dorey's wrongful termination claim under the Washington Law

---

[2] Green River has submitted ample evidence of a nondiscriminatory reason for Dorey's termination to meet the second step of the McDonnell Douglas burden-shifting process.

ORDER REGARDING SUPPLEMENTAL JURISDICTION
AND GRANTING IN PART AND DENYING
IN PART MOTION FOR SUMMARY JUDGMENT - 8

Against Discrimination.[3] Within 10 days of the date of this Order the parties are directed to contact Teri Roberts, the Court's Judicial Assistant, at 206-553-2673 regarding scheduling of trial and related dates. The Clerk of the Court is directed to send copies of this Order to all counsel of record.

DATED this 19th day of February, 2003.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[3] In its motion for summary judgment Green River seeks summary resolution of certain issues regarding damages. See Motion at 20-23. The Court declines to address those issues at this time.

ORDER REGARDING SUPPLEMENTAL JURISDICTION
AND GRANTING IN PART AND DENYING
IN PART MOTION FOR SUMMARY JUDGMENT - 9